```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

DUANE ROACH,                    )
                                )
         Petitioner,            )
                                )
    v.                          )    No.  10 C 5352
                                )
WARDEN GUY PIERCE, PONTIAC      )
CORRECTIONAL FACILITY,          )
                                )
         Respondent.            )

## MEMORANDUM ORDER

Duane Roach ("Roach") has filed a 28 U.S.C. §2254[1] Petition for Habeas Corpus Relief ("Petition"), seeking to vacate his conviction on a first degree murder charge on which he is currently serving his sentence in the Pontiac Correctional Center ("Pontiac"). Roach has accompanied his pro se Petition with a self-prepared Motion To Proceed In Forma Pauperis ("Application")[2] and a Motion for Appointment of Counsel ("Motion"). This Court has undertaken a preliminary review of Roach's filings in accordance with the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), and this memorandum order speaks to some threshold matters posed by those filings.

To begin with, the Application is denied. Roach is obviously unaware that the filing fee for a Section 2254 petition

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] "Application" is used here to differentiate that request from the motion referred to next in the text.

is only the modest amount of $5, rather than the $350 filing fee generally applicable to civil actions.  Because the accompanying printout of his trust fund account at Pontiac confirms his ability to pay that small amount,[3] a copy of this memorandum order is being transmitted directly to the Pontiac institution with instructions to remit the sum of $5 (reflecting this Case No. 10 C 5352) payable to:

> Clerk, United States District Court
> 219 South Dearborn Street - 20th Floor
> Chicago IL 60604
>
> Attention:  Fiscal Department

   To turn to the substance of the Petition, some further information is needed to enable this Court to determine whether it has been brought within the one-year period of limitation prescribed by Section 2244(d)(1).  According to Petition ¶2 the Illinois Supreme Court denied Roach's effort to appeal the adverse ruling on his first post-conviction petition on September 30, 2009.  Because of the potential for seeking certiorari (even if certiorari has not in fact been sought), United States Supreme Court authority adds 90 days to that date in calculating the tolling period under Section 2244(d)(2).  But what is not clear is how much time might have run off the one-year clock at one or more earlier stages in the state court proceedings.

---

   [3] That printout reflects payment to Roach of a payroll figure of $28.80 each month.

2

Although this Court has obtained from the Illinois Appellate Court and Supreme Court part of the information required to make the threshold determination as to timeliness or untimeliness, some added facts are needed to round out the picture. Accordingly Roach is ordered to provide the following additional information:

    1. the date on which Roach filed his appeal from the denial by the Circuit Court of Cook County of Roach's first post-conviction petition;

    2. the date on which Roach filed his motion for leave to appeal to the Illinois Supreme Court from the Appellate Court's turndown of his first petition, and whether that motion was timely; and

    3. all of the corresponding dates in connection with Roach's successive post-conviction petition filed on January 4, 2007.

Upon receipt of that information (which it is hoped can be provided within a four-week period), this Court should be in a position to make the timeliness determination. That then will control whether the action can go forward from a substantive point of view.

                                                                                 _____
                                            Milton I. Shadur
Date: August 27, 2010    Senior United States District Judge