IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DUANE ROACH, )
 )
 Petitioner, )
 )
 v. ) No. 10 C 5352
 )
WARDEN GUY PIERCE, PONTIAC )
CORRECTIONAL FACILITY, )
 )
 Respondent. )

## MEMORANDUM OPINION AND ORDER

This Court's August 27, 2010 memorandum order ("Order") asked pro se petitioner Duane Roach ("Roach") to supplement his 28 U.S.C. §2254[1] Petition for Habeas Corpus Relief ("Petition") with some additional information this Court needed to determine the Petition's timeliness or untimeliness in terms of the Section 2244(d)(1) one-year limitation period. Roach has timely responded by providing, among other documents, a photocopy of a September 8, 2010 letter from the Office of the State Appellate Defender that provided all of the relevant dates of Roach's travels through the state courts. This Court has also obtained photocopies of two orders of the Illinois Appellate Court for the First District: (1) that court's June 29, 2007 order affirming the dismissal of Roach's first pro se state post-conviction petition (Case No. 1-06-0256) and (2) that court's August 29, 2008 order affirming the rejection of Roach's successive state

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

post-conviction petition (Case No. 1-07-2096).

Those documents have enabled this Court to make the necessary determination. In brief, the Petition here is clearly out of time. Here are the relevant facts:

1. Roach pleaded guilty on December 16, 2004. Under Illinois S.Ct. Rule 604(d), his time to take a direct appeal ran out 30 days later, on January 15, 2005.[2]

2. Roach filed his first pro se post-conviction petition in the Circuit Court of Cook County on April 15, 2005, at which time three months had run off on the one-year limitations clock prescribed by Section 2244(d)(1).

3. Although the Circuit Court had summarily dismissed that petition as frivolous, under the applicable caselaw it qualified as "a properly filed application for State post-conviction or other collateral review" within the meaning of Section 2244(d)(2), so that the time within which it was "pending shall not be counted toward any period of limitation under this subsection" (id.). Hence the period from that state court petition's April 15, 2005 date of

---

[2] This Court has not sought to locate calendars for the years 2005 and 2006, so that some of the dates referred to in this opinion may have fallen on weekends, bringing the next business day into play instead. But any such adjustments would have made no more than a few days' difference, and as will be seen hereafter Roach missed the statute of limitations deadline by a matter of months. So any possible minor disparity is a matter of no harm, no foul.

2

filing until the Circuit Court dismissed it on July 8, 2005 tolled the limitations period. In addition, at that point Roach had 30 days (that is, until August 7, 2005) to file his notice of appeal in the Circuit Court (see Ill. S.Ct. Rule 651(b)), adding another month to the tolled period.

4. But Roach did not file such a notice of appeal until January 19, 2006, so that there had been another five months and 12 days (from August 7, 2005 to January 19, 2006) during which no application for State post-conviction relief had been "pending." That being so, the cumulative time that had run off the one-year clock at that point was eight months and 12 days (the three months referred to in Paragraph 2 plus the period referred to in this Paragraph 4). And that left three months and 18 days still available on that Section 2244(d)(1) clock.

5. Although the Illinois Appellate Court allowed Roach's late notice of appeal on February 16, 2006, that did not operate retrospectively to trump or modify the calculation reflected in Paragraph 4. As our Court of Appeals has taught in DeJesus v. Acevedo, 567 F.3d 941, 943 (7th Cir. 2009):

> A state's decision to accept an untimely filing does not justify back-dating that filing.

6. Without seeking to slice things too finely, this Court will assume for present purposes that the entire time

3

frame from Roach's January 19, 2006 filing of the notice of appeal through the time of disposition of that appeal by the Illinois Appellate Court until the Illinois Supreme Court denied leave to appeal from the Appellate Court's decision on September 30, 2009 was a period during which Roach's "application for State post-conviction relief" was "pending" for Section 2244(d)(2) purposes.[3] And although there is no indication in Petition ¶2 or ¶4 that Roach sought certiorari, this Court will add 90 days to the September 30, 2009 denial of leave to appeal, bringing the date when the limitations clock began to tick again to December 29, 2009.

7. When the three month and 18 day period remaining to initiate federal habeas proceedings (see paragraph 4 of this opinion) is added to December 29, 2009, that gave Roach until April 16, 2010 to seek relief from this federal court via a Section 2254 petition.

8. But Roach missed that deadline by several months, for even with the benefit of the "mailbox rule" he did not turn to the federal courts until August 18, 2010. Nor has Roach provided any basis for equitable tolling to save him from the bar of limitations.

---

[3] Because all of the proceedings involving Roach's successive post-conviction petition came within that time frame, no separate discussion or calculation is required as to that successive effort on his part.

4

In the language of Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." That being so, the same Rule 4 states that "the judge must dismiss the petition," and this Court so orders. Both the Petition and this action are dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 29, 2010