```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

DUANE ROACH #A-64235,              )
                                    )
                Petitioner,         )
                                    )
     v.                             )    No.  10 C 5352
                                    )
WARDEN GUY PIERCE, PONTIAC          )
CORRECTIONAL FACILITY,              )
                                    )
                Respondent.         )

## MEMORANDUM OPINION AND ORDER

This Court's September 29, 2010 memorandum opinion and order ("Opinion") parsed in painstaking detail the state court post-conviction efforts by pro se federal habeas petitioner Duane Roach ("Roach"), in order to determine whether 28 U.S.C. §2244(b)(2)[1] saved Roach's Petition for Writ of Habeas Corpus ("Petition") from the one-year limitations bar established by Section 2244(d)(1). Now Roach has come forward with an effort to obtain reconsideration of the Opinion's ruling that the Petition was indeed untimely and was therefore to be dismissed.[2]

What Roach focuses on is what he terms "counsel's and

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Although the caption of Roach's current filing has referred to Fed. R. Civ. P. ("Rule") 60(b) as the potential source of the relief he seeks, the opening sentence of his text speaks instead of Rule 59. Because Roach's filing was tendered less than 28 days after issuance of the Opinion, the reference to Rule 59 (more precisely Rule 59(e)) is correct. In terms of the current motion, however, the different standards applicable to the two rules make no difference in the result reached here.

clerk's failure to notify petitioner of the [Illinois Supreme] Court's denial of a motion to reconsider." But analysis shows that the asserted failure affords Roach no comfort on the issue of untimeliness.

Roach's current filing reveals that his appointed appellate counsel, an Assistant Appellate Defender, filed on his behalf a motion for leave to file a motion for reconsideration[3] of the Illinois Supreme Court's September 30, 2009 denial of leave to appeal from the Illinois Appellate Court's decision rejecting his post-conviction effort (see paragraph number 6 in Opinion at 4). That motion for leave to file a motion for reconsideration was denied by the Illinois Supreme Court on November 12, 2009 (a copy of its November 12 letter transmitting notice of that order to Roach's appointed counsel is Ex. 2 to Roach's current filing). But it appears--though it is not certain--that Roach's counsel did not then send him a copy of the Supreme Court's letter (Roach's current Ex. 3 is a copy of an April 29, 2010 letter sent to Roach by the Assistant Appellate Defender, apologizing but stating that she had thought she had previously sent him a copy of the notification).

Two separate routes appear to lead to the same destination--the denial of Roach's current motion--one as a

---

[3] That's right--a motion asking leave to file another motion.

potential outcome and the other as a certainty. They will be explored in the following discussion.

First, during the last six months both the United States Supreme Court and then our Court of Appeals have spelled out guidelines for the application or nonapplication of equitable tolling sought to be based on asserted misconduct by lawyers handling state court post-conviction proceedings.[4] As for the Supreme Court, in June of this year <u>Holland v. Fla.</u>, 130 S.Ct. 2549, 2562 (2010)(bracketed material added) identified the problem before the Court in these terms:

> We have previously made clear that a "petitioner" is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. <u>Pace</u> [<u>v. DiGuglielmo</u>], 544 U.S. [408] at 418, 125 S.Ct. 1807 [(2005)](emphasis deleted). In this case, the "extraordinary circumstances" at issue involve an attorney's failure to satisfy professional standards of care.

And having done so, the Court then distinguished between "a 'garden variety claim' of attorney negligence," which would not be classified as "extraordinary," and other unprofessional

---

[4] Although Roach's earlier-quoted language also refers to "clerk's failure to notify petitioner," any such contention is obviously mistaken. Roach's Ex. 2 reflects that the Clerk of the Illinois Supreme Court mailed a notification of that Court's adverse ruling to Roach's counsel on the very same day that the order was entered. There was of course no obligation on the Clerk's part to notify Roach separately where he had counsel representing him, particularly when it was counsel and not Roach who had filed the motion to begin with.

3

attorney conduct that might "prove 'egregious' and can be 'extraordinary'" (id. at 2563-64). Then just over a month later our Court of Appeals applied Holland in upholding the dismissal of a habeas petition as untimely because equitable tolling was not called for by the lawyer's misconduct (Griffith v. Rednour, 614 F.3d 328, 331 (7th Cir. 2010)).

Here the Assistant Appellate Defender's omission (assuming that it took place, which as earlier stated is not entirely certain) would appear to fall on the negligence side rather than the egregiousness side of the dichotomy articulated in Holland. That then would negate equitable tolling, leaving this Court's calculation in the Opinion undisturbed.

Moreover, Roach's sole focus on what his lawyer did or did not do ignores Holland's requirement, reconfirming earlier caselaw, "that he [petitioner Roach] has been pursuing his rights diligently" (emphasis and bracketed material added). Although what Roach has submitted does not provide specific date information, reasonable estimates are readily made from the known timing and the sequence of events. Thus the time needed to prepare and tender a motion for leave to file a motion for reconsideration of the September 30 order, coupled with the November 12 denial of that motion (at the next session of the Supreme Court), point to an October 2009 filing date for that motion as most probable. And counsel's April 29, 2010 response

4

to Roach's letter of inquiry certainly suggests strongly that the Roach letter to counsel had not been sent until say mid-April.

What that means is that Roach never followed up with a "what's going on?" inquiry for fully six months after he knew that the first step had been taken toward a possible filing of a motion for reconsideration. And Roach of course also knew that the Illinois Supreme Court had not taken long to deny leave to appeal in the first instance, so that "pursuing his rights diligently" (as Holland demands of the petitioner himself) would have called for him to inquire of his counsel much earlier than he did. And that in turn indicates that even if the lawyer's failure to apprise Roach of the turndown were somehow to be labeled "egregious," due diligence on Roach's own part would have added no more than two to at most three months of equitable tolling, insufficient to close the gap that has rendered his federal filing untimely.[5]

But even if that were not the case, another and independent line of analysis surely calls for a confirmation of untimeliness on Roach's part. This Court has located just one case that presents the same issue that Roach now raises: United States ex rel. Smith v. Sternes, 169 F.Supp.2d 886, 888-89 (N.D. Ill.

---

[5] It should be emphasized that all of this gives Roach more than his due in hypothetical terms. It is unnecessary to the decision here to drive still another nail into the coffin of untimeliness, as the just-completed paragraph of the text has done.

2001), in which this Court's colleague Honorable Robert Gettleman held that a motion of the type on which Roach now seeks to rely, even though it is not provided for in Ill. S. Ct. Rule 315, could still qualify as a continuation of the "pendency" of a post-conviction petition under Section 2244(d) because the Illinois Supreme Court has on occasion considered and granted such a motion for leave to file a motion for reconsideration.

But it involves no criticism of Judge Gettleman to say that the line of reasoning that he followed in <u>Smith</u> is out of step with the more recent caselaw interpreting and applying Section 2244(d)--after all, none of us who sit on the federal bench is possessed of a crystal ball that enables us to anticipate the direction that future caselaw developments will take.  In this instance the concept of "a properly filed application for State post-conviction or other collateral review"--the language of the Section 2244(d)(2) statutory tolling provision--has been held <u>not</u> to encompass an untimely filing, and Opinion at 3 quoted <u>DeJesus v. Acevedo</u>, 567 F.3d 941, 943 (7th Cir. 2009) as teaching that a state court's purely discretionary decision to accept such an untimely filing does not alter that.  Just so, a request to be given the opportunity to seek reconsideration of an already-rejected petition for leave to appeal--a motion not authorized by existing court rules--does not transform such a motion into "a properly filed application" just because a state court of review

may on occasion exercise its discretion by entertaining such a motion. In brief, the <u>DeJesus</u> teaching applies here by parity of reasoning.

One added point. Even if this Court were to follow the <u>Smith</u> approach in spite of the more recent caselaw that undercuts it, Roach would still fail. Again the earlier-discussed failure on his part to "pursu[e] his rights diligently" would sharply limit any tolling arguably attributable to the motion for leave to file a motion--and once again Roach's Petition would remain time-barred.

In summary, then, no equitable tolling operates to alter the step-by-step treatment spelled out in the Opinion--or if any such tolling were arguably available, Roach's Petition would still have been untimely. Accordingly Roach's motion for reconsideration is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 26, 2010